## CHARLESTON.

J. C. PACK v. H. D. KARNS et al.

Submitted October 15, 1918. Decided October 22, 1918.

1. PROHIBITION—*Election Officers- -Remedy.*
    Sec. 89 of ch. 3 of the Code is a full, comprehensive and exclusive provision as to remedies against election officers. (p. 12).

2. SAME—*Remedy Against Election Officers—Statute.*
    Said section does not give prohibition as a remedy against boards of ballot commissioners, in cases of wrongful action in the preparation and distribution of election ballots. (p. 12).

Prohibition by J. C. Pack against H. D. Karns and others, as the Board of Ballot Commissioners of Mercer County.

*Writs refused.*

*Russell S. Ritz* and *Hugh G. Woods,* for petitioner.
*John R. Pendleton* and *John Kee,* for respondents.

POFFENBARGER, PRESIDENT:

The petitioner seeks writs of prohibition to restrain the board of ballot commissioners of Mercer County from placing the names of two persons on the official ballots to be used in that county, in the general election to be held Nov. 5, 1918, as candidates of the democratic party, on the ground that they are not nominees of said party.

Whether they are nominees cannot be judicially ascertained or determined on these petitions. A degree of uncertainty as to the effect of the statute, sec. 89, ch. 3 of the Code, allowing mandamus as a remedy to compel election officers to perform their duties legally, is found in our decisions. Some of them say, the statute broadened the scope of the writ and made it operate in such cases as a *certiorari.* *Marcum* v. *Ballot Commissioners,* 42 W. Va. 263; *Morris* v. *Board of Canvassers,* 49 W. Va. 264; *Goff* v. *Board of Canvassers,* 56 W. Va. 675. On the other hand it has been suggested that the legislative purpose was to strip election officers of all judicial power, in so far as they previously held any, and make all their acts purely ministerial. *Dunlevy* v.

*County Court,* 47 W. Va. 513; *Daniel* v. *Simms,* 49 W. Va. 554. Some doubt was expressed by Judge BRANNON in *Boggess* v. *Buxton,* 67 W. Va. 679, as to the correctness of his own views in earlier cases. Either view sustains mandamus as a remedy against election officers. Whatever the true theory may be, Sec 89 of ch. 3, of the Code, was evidently intended by the legislature to be full, comprehensive and exclusive as to remedies against election officers. It deals fully and minutely with the subject, giving mandamus in all cases and *certiorari* and prohibition only in certain classes of cases. It says "A mandamus shall lie * * * to compel any officer herein to do and perform legally any duty herein required of him," and that, in certain instances, "a writ of certiorari, mandamus or prohibition shall lie * * * to correct any error of law and review and correct the proceedings of any circuit court or judge thereof in vacation, or any board of canvassers." The terms are clear and unequivocally express the legislative will. They give mandamus as a remedy against all election officers and prohibition as a remedy against only one class, the boards of canvassers in some cases, namely, their acts respecting candidates for membership of the house of delegates and state senator.

In thus limiting prohibition in matters pertaining to the duties of election officers, or failing to grant it as to any except boards of canvassers, the legislature is adhering to an established policy recognized and observed in the construction of another statute, in *Baker* v. *O'Brien,* 79 W. Va. 101. Limitation of the writ of prohibition to officers and tribunals exercising judicial or *quasi-judicial* functions seems to be regarded as a fundamental, if not an organic, principle of law. It is seldom extended to purely ministerial action in any jurisdiction. Failure to give it as a remedy against election officers or tribunals other than boards of canvassers may signify legislative purpose to treat the acts of such boards as *quasi-judicial* functions and those of other election officers as purely ministerial acts. That it could make such a distinction is obvious. For some reason not expressed, it has

declined to make this remedy available against boards of ballot commissioners, and that amply sustains our conclusion. The courts can add nothing to the statute.

The writs prayed for will be refused.

*Writ refused.*